IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARIEL GRANT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:21-cv-00104 |
| DAVID'S CONSTRUCTION, VOLUNTEER STATE CONSTRUCTION, ALEJANDRO CONTRERAS, HUGO'S TIRE SHOP AND REPAIR, and VICTOR HUGO FUENTES, | ) ) JUDGE RICHARDSON ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is the Defendants' Motion to Consolidate (Doc. No. 33), wherein Defendants Victor Hugo Fuentes ("Fuentes") and Hugo's Tire Shop and Repair ("Hugo's Tire Shop") move to consolidate this matter ("the *Grant* case" (Case No. 3:21-cv-00104)) with the case of *Justin D. MacIntyre v. David's Construction, Volunteer State Construction, Alejandro Contreras, Hugo's Tire Shop and Repair, and Victor Hugo Fuentes* ("the *MacIntyre* case" (Case No. 3:21-cv-00589)).

Plaintiff Justin MacIntyre does not oppose consolidation. (Doc. No. 33 at 1). Counsel for Plaintiff Ariel Grant does not oppose consolidation, but has indicated that she would like to reserve the right to sever the two matters for trial purposes. (*Id*.). Defendants David's Construction, Alejandro Contreras, and Volunteer State Construction have not answered the Complaint or otherwise appeared or attempted to defend this matter, and thus have not indicated any position on the matter of consolidation.

Fed. R. Civ. P. 42(a) states that cases may be consolidated if they "involve a common question of law or fact." Consolidation is a matter within the trial court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993) (citing *Stemler v. Burke*, 344 F.2d 393, 396 (6th Cir. 1965)). Cases that have common questions of law or fact can be consolidated "for the economy and convenience of the court and of the parties." *3D Enters. Contr. Corp. v. Harpeth Valley Utils. Dist.*, No. 3:05-0594, 2006 WL 8457621, at *3 (M.D. Tenn. Oct. 11, 2006). The underlying objective of consolidation is "to administer the court's business with expedition and economy while providing justice to the parties." *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992) (quoting 9 Wright & Miller, Federal Practice and Procedure, § 2381 (1971)).

Recognizing that the two cases "[are] related to and [arise] out of the same set of facts," on January 11, 2021, Magistrate Judge Holmes transferred all magistrate judge proceedings in the *MacIntyre* case to Magistrate Judge Frensley, who is assigned to handle the magistrate judge proceedings in the *Grant* case. (Doc. No. 27). The Court agrees that these cases involve common questions of law or fact, thus making consolidation appropriate. Further, the consolidation of these cases would promote the economy and convenience of the Court and of the parties.

Therefore, the Motion to Consolidate is **GRANTED** and the two matters (Case No. 3:21-cv-00589 and Case No. 3:21-cv-00104) are hereby consolidated. The Court notes that the parties reserve the right to move to sever the matters for trial. **All future filings pertaining to either case shall be made in the lead case, *Ariel Grant v. David's Construction et al.*, Case No. 3:21-cv-00104.**

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE