IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ARIEL GRANT and JUSTIN D. MACINTYRE, <br><br>  Plaintiff, <br><br> v. <br><br> DAVID'S CONSTRUCTION, VOLUNTEER STATE CONSTRUCTION, ALEJANDRO CONTRERAS, HUGO'S TIRESHOP AND REPAIR, and VICTOR HUGO FUENTES., <br><br>  Defendants. | NO. 3:21-cv-00104 <br><br> JUDGE RICHARDSON |

## ORDER

Pending before the Court are Plaintiffs' respective motions to drop Defendants David's Construction, Volunteer State Construction, and Alejandro Contreras (collectively "moving Defendants"). (Doc. Nos. 77 and 78, collectively, "Motions").[1] The Motions, filed pursuant to Fed. R. Civ. P. 21, collectively and in substance request that all claims against moving Defendants be dismissed without prejudice.

Rule 21 does not provide a particular standard for dropping a party, except to say that a court may add or drop a party at any time "on just terms." Fed. R. Civ. P. 21. The decision to drop a party is within the discretion of the court. *Carden v. Klucznik*, 775 F. Supp. 2d 247, 251 (D. Mass. 2011). Here, the Court has little difficulty concluding that the interests of justice support dropping the parties as requested, given both its potential for increasing judicial

---

[1] The Motion at Doc. No. 77 was filed only by Plaintiff Grant, but was thereafter joined in by Plaintiff Grant's sole co-Plaintiff, Plaintiff MacIntyre, via the Motion at Doc. No. 78.

efficiency in resolving this dispute and the absence of any objection. Plaintiffs' claims against moving Defendants are hereby **DISMISSED** without prejudice.

The Motions also request that the Court enter "enter an order of voluntary dismissal without prejudice as to action with Defendants David's Construction, Volunteer State Construction and Alejandro Contreras [i.e., moving Defendants] pursuant to Fed. R. Civ. P. 41(a)(1)(i)" (Doc. No. 77 at 2). This request is denied as moot because, per the paragraph immediately above, Defendants are already dismissed pursuant to Rule 21.

Finally, Plaintiff Grant's Motion (Doc. No. 77, "First Motion"), which as noted above was thereafter joined in by Plaintiff MacIntyre, also requests that the Court "enter an order dismissing the action with prejudice with the remaining parties, Hugo's Tire Shop and Repair and Victor Hugo Fuentes pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii)[.]" Dismissal under Rule 41(a)(1)(A)(ii) requires "a stipulation of dismissal signed by all parties who have appeared." Hugo's Tire Shop Repair and Victor Hugo Fuentes have appeared but have not signed the Motion. (Doc. No. 21). Thus, the First Motion does not qualify as a stipulation of dismissal under Rule 41(a)(1)(A)(ii), and so this request of Plaintiffs is denied.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE